UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANA MATEO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　　　Defendants. | ) Case No.: 5:18-cv-111<br>)<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Ana Mateo (hereinafter "Plaintiff") alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in San Antonio, Texas.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Texas with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. §

1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## BACKGROUND

6. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

7. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

8. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

9. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

10. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

11. The Date Opened field represents the date that the consumer opened the underlying account. The Date Opened should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

12. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013).

The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line.

13.     The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d 723. This date also cannot be changed.

## FACTUAL STATEMENT

14.     Verizon, in an attempt to collect on a debt incurred for personal, familial and household use, placed a trade line on Plaintiff's credit report.

15.     On January 10, 2017, Plaintiff, through counsel, disputed the trade line bearing account number 654200491**** with a balance of $631 with Experian.

16.     On January 26, 2017, Plaintiff obtained her credit report which showed the trade line with a Date Opened of March 2015, and the Date First Reported and Date of Status both reported as January 2017.

17.     On a report dated August 31, 2017, Verizon illegally changed the date First Reported and Date of Status to reflect August 2017. Clearly, considering that the trade line was on Plaintiff's report prior to January 2017, this was not the correct date for First Reported. Further, the date of status is more accurately recorded as a date well prior to 2016.

18.     Experian is at fault for the inaccurate credit reportings on Plaintiff's credit report.

19.     Experian allowed Verizon to change the First Reported date and Date of Status despite knowing that the August 2017 date could not be true given that the trade line was on Plaintiff's credit report as early as January 2017. By allowing Verizon to change the dates inaccurately, and failing to maintain reasonable procedures to prevent static dates from being "reaged" and made to look as though the delinquency is more recent, Experian violated the FCRA.

20.     Further, although Experian received Plaintiff's dispute of credit information on her credit report, Experian refused to reasonably investigate Plaintiff's dispute in further violation of the FCRA. Had Experian properly investigated they would have corrected this date.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

21.     Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

22.     Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

23.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

24.     Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

25.     After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

26.     As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

27.     Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 2nd of February, 2018.

        Respectfully Submitted,

        /s/ Daniel Zemel
        Daniel Zemel
        **Zemel Law LLC**
        70 Clinton Ave.
        Newark, NJ 07114
        (P) (862) 227-3106
        dz@zemellawllc.com
        Attorney for Plaintiff